UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

**CIVIL ACTION NO. 10-106-JBC**

**JOHN E. KINLEY,** PLAINTIFF,

V. MEMORANDUM OPINION AND ORDER

**UNITED PARCEL SERVICE, ET AL.,** DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the motion for a jury trial by the plaintiff, John E. Kinley. R. 14. For the reasons below, the court will grant the motion.

Rule 38 of the Federal Rules of Civil Procedure provides that on any issue triable of right by a jury, a party may demand a jury trial by: (1) serving the other parties with a written demand no later than 14 days after the last pleading directed to the issue is served and (2) following the filing requirements of Rule 5(d). Fed. R. Civ. P. 38(b). "A party waives a jury trial unless its demand is properly served and filed." Fed. R. Civ. P. 38(d). Because Kinley did not properly serve or file his demand in accordance with Rule 38, Kinley waived his right to a jury trial. Pursuant to Rule 39, however, "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b).

This court has broad discretion in ruling on a Rule 39 motion, and that discretion should be "exercised in favor of granting a jury trial where there are no compelling reasons to the contrary." *Moody v. Pepsi-Cola Metro. Bottling Co.,* 915 F.2d 201, 207 (6th Cir. 1990) (citation omitted). Although courts have declined to

grant a jury trial where counsel fails to articulate a compelling reason for the failure to make a jury demand, the court will grant Kinley's motion. *See Misco*, *Inc. v U.S. Steel Corp.*, 784 F.2d 198, 205 (6th Cir. 1986) (holding that district court did not err in denying a motion for a jury trial when the request was over two months late, no reason was given for the delay, and the court had reasoned that a bench trial was preferable due to the complexity of the case). Here, a jury trial will not result in any prejudice to the defendants. Moreover, UPS's assertion that the "uniqueness" of Kinley's claims make his claim more suitable for a bench trial is not persuasive. R. 20 at 3. Juries routinely try discrimination claims, and the court does not find that the nature of Kinley's claims overall warrants a bench trial. *See, e.g., Wilson v. The Int'l Bhd. of Teamsters*, 83 F.3d 747, 751 (6th Cir. 1996) (affirming a jury's verdict on the issue of liability in a "hybrid" action alleging an employer's breach of a collective bargaining agreement and a union's breach of its duty of fair representation); *Wood v. Int'l Bhd. of Teamsters*, 565 F. Supp. 1011, 1012-13 (W.D. Mich. 1983) (ordering a jury trial in an action involving a claim for breach of a collective bargaining agreement and for breach of a duty of fair representation).

Accordingly, **IT IS ORDERED** that the motion for a jury trial, R. 14, is **GRANTED**.

Signed on  August 31, 2010

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY