UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 10-106-JBC

JOHN E. KINLEY,                                                      PLAINTIFF,

V.               **MEMORANDUM OPINION & ORDER**

UNITED PARCEL SERVICE, ET AL.,                            DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon the defendant Teamsters Local Union No. 651's motion for summary judgment, R.43. For the reasons stated below, the court will grant the motion.

I. Background

This action arises from the termination of John E. Kinley from his employment with United Parcel Service and the subsequent grievance process conducted by Teamsters Local Union No. 651 in response to that termination. On May 6, 2009, Kinley was terminated from his position as a full-time courier at UPS, which he had held since 1992, for allegedly violating a provision of the Teamsters supplement agreement. Teamsters, as the authorized union representative of Kinley, filed a grievance protesting Kinley's discharge and then represented Kinley in the grievance process until the final and binding decision was issued on June 23, 2009, denying the grievance and upholding UPS's decision to terminate Kinley.

Kinley filed this action on March 10, 2010, asserting claims against both

1

UPS and Teamsters, alleging race discrimination under both Title VII of the Civil Rights Act of 1964, as amended, certified at 42 U.S.C. section 2000-e *et seq.*, and Chapter 344 of the Kentucky Civil Rights Act.  He also alleges a violation of the National Labor Relations Act under 29 U.S.C. 151 *et seq.* and 42 U.S.C. § 1981, in that Teamsters allegedly failed to properly and fairly represent Kinley in the grievance process, acted corruptly in representing a "union official" in contrast to its representation of an "ordinary union member," and acted inappropriately in failing to fight for fair application of the terms of Kinley's employment with UPS because of his race.  Teamsters moves for summary judgment as to all of these claims.

   **II. Analysis**

   Summary judgment is appropriate as to all claims asserted against Teamsters because Teamsters has shown that there is no genuine dispute as to any material fact, and Teamsters is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

   First, the claim of breach of the duty of fair representation is barred by the statute of limitations because Kinley filed his complaint against Teamsters more than six months after the cause of action accrued.  A six-month statute of limitations is provided in § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), and has been broadly applied to actions in which duty-of-fair-representation claims are raised along with claims against employers. *See Schoonover v. Consolidated Freightways Corp.*, 49 F.3d 219, 221(6th Cir. 1995).  A breach-of-

duty-of-fair-representation cause of action accrues "when the plaintiff could first have successfully maintained a suit based on that cause of action," *see id*. (citations omitted), which is when the employee learned of the unfavorable award. *See id.* at 222 (citing *Samples v. Ryder Truck Lines, Inc.*, 755 F.2d 881, 887 n.7 (11th Cir. 1985). Here, Teamsters attests that Kinley was informed of the final and binding decision denying his grievance on June 23, 2009, and that Kinley's complaint was filed on March 10, 2010. Kinley concedes that his complaint against Teamsters was not filed before the 180-day period had elapsed. The claim under the National Labor Relations Act, 29 U.S.C. 151 *et seq.*, is thus barred by the statute of limitations, and summary judgment is appropriate.

Second, summary judgment will be granted as to Kinley's Title VII claim because he filed no EEOC charge against Teamsters. "Filing an EEOC charge against a party is a necessary prerequisite to suit . . . unless there is a clear identity of interest between it and a party named in the EEOC charge or it has unfairly prevented the filing of an EEOC charge." *Jones v. Truck Drivers Local Union No. 299*, 748 F.2d 1083, 1086 (6th Cir. 1984). Kinley concedes that Teamsters was not listed as a defendant on the EEOC charge, and even though UPS was listed on the EEOC charge, UPS and Teamsters had no identity of interest. Kinley has not accused Teamsters of preventing him from filing an EEOC charge against it. Finding no dispute, the court will therefore grant summary judgment as to the Title VII claim brought under 42 U.S.C. 2000(e) because Kinley did not file an EEOC charge against Teamsters.

Lastly, summary judgment is appropriate as to the claims under both 42 U.S.C. § 1981 and KRS 344 *et seq.* because they are not supported by evidence of racial discrimination.  A plaintiff must plead and prove the following to establish a § 1981 claim for racial discrimination:  "(1) [that] he belongs to an identifiable class of persons who are subject to discrimination based upon their race; (2) [that] the defendant intended to discriminate against him on the basis of race; and (3) [that] the defendant's discriminatory conduct abridged a right enumerated in section 1981(a)." *Amini v. Oberlin College*, 440 F.3d 350, 358 (6th Cir. 2006).  The discriminatory "intent requirement may be satisfied by direct allegations and proof . . . or circumstantially demonstrated by alleging and proving discriminatory conduct, practices, or the existence of significant racially disproportionate impact." *Leonard v. Frankfort Elec. & Water Plant Bd.*, 752 F.2d 189, 193 (6th Cir. 1985).  Kinley has presented neither evidence of Teamsters' intent to discriminate on the basis of his race nor facts that demonstrate discriminatory conduct or disproportionate impact.

Kinley alleges racial discrimination in that Teamsters represented white employees more vigorously than it represented him, an African-American.  However, Kinley offers no evidence to support this allegation.  Teamsters states that in a June 15, 2011, deposition Kinley named five employees who purportedly were reinstated due to Teamsters' more vigorous representation.  In that deposition, Teamsters recalls,  Kinley classified the five employees as non-African Americans and purported that it was his personal opinion that the five employees

4

were represented more vigorously because of their race.

The deposition containing these statements by Kinley is not filed of record. Kinley does not mention or reiterate the statements in his response to Teamsters' motion, nor does he expound upon them or offer any evidence to bolster his allegation of racial discrimination. Even accepting as true the statement that five non-African American employees received more favorable results from Teamsters' representation than Kinley, this information does not prove discriminatory intent. Too much information is lacking – *e.g.* the alleged misconduct of the five employees, the disciplinary record of the five employees, Teamsters' past involvement with the five employees, Teamsters' actions in representing the five employees – to conclude that Teamsters intentionally discriminated against Kinley. Also, the fact that five non-African American employees received more favorable results than Kinley does not in itself constitute "the existence of significant racially disproportionate impact." *Leonard*, 752 F.2d at 193 (6th Cir. 1985).

Kinley's response to Teamsters' motion and his exhibits focus on the alleged racial discrimination by UPS, not by Teamsters. Kinley's arguments are directed at his claims under Title VII and KRS 344. Nonetheless, the court will analyze Kinley's allegations of racial discrimination under 42 U.S.C. § 1981 rather than treat his silence toward Teamsters' § 1981 arguments as conceding those claims. Kinley describes two instances in which a white employee was treated differently than Kinley *with respect to terms and conditions of employment*. His exhibits highlight testimony from depositions that describe his employment termination and

5

the events surrounding the termination.  He does not provide any specific instances where an employee of a different race was treated differently than Kinley with respect to representation by Teamsters during the grievance process.  Kinley has offered no direct or circumstantial evidence of Teamsters' intent to discriminate; therefore he cannot make a prima facie case of discrimination under 42 U.S.C. § 1981.

KRS 344 mimics Title VII of the Civil Rights Act of 1964 as codified in 42 U.S.C. § 2000(e)(b). *Palmer v. Int'l Ass'n of Machinists*, 882, S.W.2d 117, 119 (Ky. 1994). "Kentucky courts generally follow federal law in interpreting" Chapter 344. *Stewart v. Univ. of Louisville*, 65 S.W.3d 536, 539 (Ky. App. 2001). Under Title VII, the plaintiff has the burden of proving a prima facie case of discrimination, *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981), which may be established through direct or circumstantial evidence. *See Blalock v. Metals Trades*, 775 F.2d 703, 707-08 (6th Cir. 1985).  A prima facie case for disparate treatment, as Kinley alleges against Teamsters in his complaint, requires proof that because of the plaintiff's race, he was "treated less favorably than similarly-situated white employees." *Davis v. Monsanto Chem. Co.*, 858 F.2d 345, 347 (6th Cir. 1985).

Kinley has not shown that the five non-African American employees who received positive outcomes from the grievance process were similarly situated to Kinley.  Kinley has also failed to offer proof that Teamsters treated Kinley less favorably than the non-African American employees during the grievance process,

despite his assertion that the five employees received more favorable results at the conclusion of the grievance process. Having examined the record and finding no direct evidence of intentional discrimination or circumstantial evidence giving rise to an inference of discrimination, *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), the court will enter summary judgment for Teamsters on the claims of racial discrimination under 42 U.S.C. § 1981 and KRS 344 *et seq.*

Accordingly,

**IT IS ORDERED** that Teamsters' motion for summary judgment, R.43 is **GRANTED**.


Signed on May 10, 2012

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY